IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP ROBERT CORRAL,<br><br>      Petitioner,<br><br>vs.<br><br>STUART SHERMAN, Warden, Substance Abuse Treatment Facility and State Prison,<br><br>      Respondent. | No. 2:16-cv-00143-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 24] |

    This Court denied Philip Robert Corral, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on August 5, 2019. Docket Nos. 22, 23. Corral now submits a letter to the Court asking for direction on "the correct way to proceed" or for "more time to figure this process out." Docket No. 24.

    The record reflects that Corral has not filed a notice of appeal, which is the first step required for appealing from this Court's denial of his habeas petition. The notice must include "the party or parties taking the appeal by naming each one in the caption or body of the notice," "the judgment, order, or part thereof being appealed," and "the court to which the appeal is taken." FED. R. APP. P. 3(c)(1). Most importantly, however, the notice of appeal must be filed within 30 days after entry of the judgment. *See* FED. R. APP. P. 4(a)(1)(A).

    Judgment was entered in this case on August 5, 2019. Docket No. 23. The notice of appeal was therefore due on September 4, 2019. Because that date has long passed, Corral's letter submission may properly be construed as a request for an extension of time to file a notice of appeal from this Court's decision at Docket No. 22.

Federal Rule of Appellate Procedure 4(a)(5) provides that the Court may extend the time to file a notice of appeal when two conditions are met. First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a) (in this case, the request for an extension must be made within 60 days after the judgment was entered because the time originally prescribed by Rule 4(a) is 30 days). FED. R. APP. P. 4(a)(5)(A)(i); *Pettit v. Chiang*, 357 F. App'x 50, 52 (9th Cir. 2009). Second, the party seeking the extension must show "excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(ii); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later. FED. R. APP. P. 4(a)(5)(c); *Pettit*, 357 F. App'x at 52 ("[T]he deadline for filing a notice of appeal was May 22, 2008, and the deadline for requesting an extension was June 23, 2008. Appellants did not move for an extension until July 10, 2008. The district court . . . did not have jurisdiction to consider a motion for an extension of time that was filed after the deadline prescribed by Rule 4(a)(5)(A).").

Because Corral's construed request for an extension of time to file a notice of appeal was made more than 60 days after the entry of this Court's August 5, 2019, order, this Court is without authority to grant it.

**IT IS THEREFORE ORDERED THAT** Corral's submission at Docket No. 24, construed as a motion for an extension of time to file a notice of appeal, is **DENIED**. Any further relief must be requested from the Ninth Circuit Court of Appeals.

Dated: February 27, 2020.

                                                  /s/James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                             Senior United States District Judge